IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **PROGRESSIVE GULF INSURANCE COMPANY**, <br><br> *Plaintiff*, <br><br> v. <br><br> **CHRISTIAN HARRIS, RANADA WARD, CHRISTIAN NUNNERY, ARMANDO MARGAN**, *individually and on behalf of I.M., a minor*, **BLACDADI LLC, and JOHN AND JANE DOES 1-10**, <br><br> *Defendants*. | CAUSE NO. 3:23-CV-231-CWR-FKB |

## ORDER

Before the Court are plaintiff Progressive Gulf Insurance Company's motions for default judgment against defendants Christian Harris, Ranada Ward, Christian Nunnery, Armando Margan, *individually and on behalf of I.M., a minor*, and Blacdadi LLC. Docket Nos. 27–32. Because the Court lacks subject matter jurisdiction over this matter, the case is **DISMISSED WITHOUT PREJUDICE** and the motions for default judgment are **MOOT**.

"Deciding [a] motion for default judgment begins, as it must, by examining the Court's jurisdiction." *Wattiker v. Elsenbary Enters.*, No. 3:22-CV-940, 2012 WL 5167023, at *3 (N.D. Tex. May 19, 2023); *see also Kokkonen v. Guardian of Life Ins.*, 511 U.S. 375, 377 (1994) (explaining that federal courts are courts of limited jurisdiction). This Court, thus, has "the duty to examine the basis for [its] subject matter jurisdiction, doing so on [its] own motion if necessary." *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007). Federal courts have subject matter

jurisdiction over (1) federal questions arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331; and (2) civil actions between citizens of different states where the amount in controversy exceeds $75,000, *see id.* § 1332(a). The Court must dismiss a case in the absence of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Here, Progressive Gulf does not present a federal question, nor does it adequately assert diversity jurisdiction. Although complete diversity is alleged to exist between Progressive Gulf and the defendants, Progressive Gulf failed to plead any amount in controversy. The burden of alleging jurisdiction belongs to Progressive Gulf. *See Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (explaining that federal courts must presume a suit is beyond their limited jurisdiction until the "party seeking the federal forum" proves otherwise). Progressive Gulf failed to satisfy its burden. The Court, therefore, concludes that it lacks subject matter jurisdiction to decide this matter.

Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** and Progressive Gulf's motions for default judgment are **MOOT**. A separate Final Judgment shall issue.

**SO ORDERED**, this the 20th day of November, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE